UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § | CRIM. NO. 4:19-CR-719S2 |
| CHARLES MCCREARY, et al., | | |
| Defendants. | | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT DOWELL'S MOTIONS TO DISMISS COUNT II AND STRIKE SURPLUSAGE**

The United States of America by and through its United States Attorney, Jennifer Lowery, and the undersigned attorneys, files its response to Defendants' Motions to Dismiss Count II and Strike Surplusage. (D.E. #364 and 367). In support of its response, the Government would show the following:

**I.   Procedural History**

1. On September 25, 2019, an indictment was returned charging Charles McCreary, Jr., Christopher McIntosh, Jason Brown, Michael Goodwin, Matthew Dowell, and Scott Fucito with Conspiracy to Receive and Distribute Child Pornography. (D.E. #45).

2. The first superseding indictment was returned on January 16, 2020, charging the original named Defendants in Count One and adding Defendants, Scott Carrol, Patrick Kelly and William Delboy, plus one

other Defendant whose identity remains under seal as he has not been arrested, with Conspiracy to Receive and Distribute Child Pornography. Count Two charges all the above-mentioned Defendants, except Scott Fucito, with Conspiracy to Advertise Child Pornography. Count Three charged Charles McCreary with enhanced penalties for registered sex offenders. (D.E. #128).

3. On July 1, 2020, a second superseding indictment was returned adding Craig Jorgensen and Joseph Cohen to both counts. Additionally, Craig Jorgensen was charged in Count Four with enhanced penalties for registered sex offenders. (D.E. #169).

4. On May 21, 2021, the Defendant filed a Motion to Dismiss Counts One and Two for lack of specificity and multiplicity. (D.E. #244).

5. On May 21, 2021, the Defendant filed a motion to sever. (D.E. #245).

6. On August 9, 2021, Judge Hittner denied the Defendant's motions in a sealed order. (D.E. #316).

7. The Counts at issue in the Defendant's motions and the Government's response relate only to Counts One and Two of the second superseding indictment.

## II. Response

The Defendant makes three claims in his Motion to Dismiss Count II: that 18 U.S.C. § 2251(d) criminalizes constitutionally protected speech and conduct and thus is overbroad and void for vagueness; that 18 U.S.C. § 2251(e) requires a 15-year minimum sentence which violates the Fifth Amendment Due Process Clause and the Eighth Amendment's prohibition against cruel and unusual punishment; and that Count II of the second superseding indictment provides insufficient notice to the Defendant as to what the Government claims to be an unlawful notice or advertisement and thus violates the Fifth Amendment's Due Process clause. In the Defendant's Motion to Strike Surplusage, he claims that Counts One and Two are improperly titled and that titles are surplusage, unnecessary, incorrect (as to Count Two only) and confusing.

### A. Title 18, United States Code, Section 2251(d) does not criminalize free speech and is not overbroad or void for vagueness.

The Defendant contends that he has a right to knowingly conspire with others to make, print and publish, and cause to be made, printed and published, any notice or advertisement which involves the use of a minor engaging is sexually explicit conduct as it is an exercise of free speech. He is wrong. The Supreme Court long ago established that child pornography lacks First Amendment protection because of its relationship to the sexual exploitation of children. *See New York v. Ferber*, 485

U.S. 747, 759-64 (1982).

The Defendant attempts to confuse this well-established principle by suggesting that he is somehow subject to the strict liability imposed on producers of child pornography as it relates the age of the victims, *see* 18 U.S.C. § 2251(a), and that somehow that strict liability standard effects the rights of child pornographers under the doctrine of free speech. The Defendant and his codefendants are not held to that strict liability standard, as subsection (d) of 2251 requires that the Defendant "*knowingly* makes, prints, or publishes, or causes to be made printed, or published any notice or advertisement seeking or offering …" as part of a conspiracy pursuant to subsection (e) of 2251. 18 U.S.C. § 2251(d) & (e). In addition to being without legal precedent, following Defendant's strained logic would give the proverbial green light to online predators everywhere to advertise child pornography, and conspire to do so, and defeat the clear intent of Congress to protect children from sexual exploitation.

For a statute to be facially overbroad, it must prohibit "a substantial amount of protected speech." *United States v. Williams*, 553 U.S. 285, 292 (2008). The Supreme Court has "vigorously enforced the requirement that a statute's overbreadth be substantial, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *Id*. (citations omitted). When determining whether a statute is

overbroad, "the first step . . . is to construe the challenged statute." *Id*. at 293. Then, the Court must determine whether it "criminalizes a substantial amount of protected expressive activity." *Id*. at 297.

In *Williams*, the Supreme Court rejected a First Amendment overbreadth challenge to another child pornography statute, Section 2252A(a)(3)(B), which "prohibits offers to provide and requests to obtain child pornography." *Id*. at 293. The statute addressed in *Williams* "penalizes speech that accompanies or seeks to induce a transfer of child pornography." 533 U.S. at 294. This is extremely similar for the statute at issue here, 18 U.S.C. §§ 2251(d) and (e), where the Defendants knowingly conspired to make, print, publish, or cause to be made printed or published, any notice or advertisement seeking or offering to receive, exchange, buy, produce, display, distribute and reproduce, any visual depiction, the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct, also known as child pornography. And Section 2251 uses the exact same definition of "sexually explicit conduct" upheld in *Williams*. *See* 18 U.S.C. § 2256(2)(A); *Williams*, 553 U.S. at 290.

"The Supreme Court has held that facial challenges based on the overbreadth doctrine 'are especially to be discouraged.'" *United States v. Malloy*, 568 F.3d 166, 174 (4th Cir. 2009) (quoting *Sabri v. United States*, 541 U.S. 600, 609 (2004)).

Application of the overbreadth doctrine to invalidate a statute "is, manifestly, strong medicine. It has been employed by the Court sparingly and only as a last resort." *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973). And the Court should "of course, construe the statute to avoid constitutional problems, if the statue is subject to such a limiting construction." *Ferber*, 458 U.S. at 769 n.24.

The Defendant makes a vagueness argument that reiterates his claim that the proscribed activity is unclearly defined. Judge Hittner, in denying the Defendant's previous motion to dismiss, found the indictment, which tracks the statute, clearly put the Defendant on notice of what conduct he is being held to account for with factual specificity and sufficiency. *See* D.E. #316.

### B. A 15-year minimum sentence does not violate 5th Amendment Due Process Clause and 8th Amendment prohibition on cruel and unusual punishment.

Eighth Amendment review of a punishment is generally not ripe prior to a determination of guilt. "Eighth Amendment challenges are generally not ripe until the imposition, or immediately impending imposition, of a challenged punishment or fine." *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995).

The purpose of the ripeness doctrine is "to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbot Laboratories v. Garner*, 387 U.S. 136, 149 (1967). In

6

determining whether a claim is ripe for adjudication courts look primarily at two considerations: (1) the fitness of the issues for judicial decision; and (2) the hardship to the parties of withholding court consideration. *Id*.

If a purely legal issue can be decided without further factual development, then a claim is fit for judicial decision. *Id*. at 149 (noting the issue of statutory construction is not ripe for review when it raised only a "purely legal" question of congressional intent). Here there are significant factual disputes between the parties. The Defendant is asserting his innocence, and he has requested a trial to have a jury determine his guilt or innocence. Without that factual determination, this Court cannot determine whether a sentence of at least fifteen years in prison is proportional to his conduct.

The Supreme Court has stated that "[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." *Harmelin v. Michigan*, 501 U.S. 957, 994–95 (1991).

Regardless of the ripeness issue, if this Court were to consider this Eighth Amendment claim, the Fifth Circuit has laid out the proper proportionality analysis in its decision in *U.S. v. Gonzales*, 121 F.3d 928 (5th Cir. 1997):

> When adjudicating an Eighth Amendment proportionality challenge, we must first make a threshold comparison

between the gravity of the charged offense and the severity of the sentence. Only if we conclude that the sentence is "grossly disproportionate" to the offense may we proceed to consider whether it offends the Eighth Amendment, under the test announced in *Solem.* If we conclude that the sentence is not "grossly disproportionate," our inquiry is finished, and we must defer to the will of Congress. *See McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.1992).

To determine whether a sentence is "grossly disproportionate," we look to *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), as a benchmark. In *Rummel,* the defendant had been sentenced to life imprisonment following his conviction for obtaining $120.75 by false pretenses, pursuant to a "recidivist statute" providing a mandatory sentence of life imprisonment for any defendant convicted of three felonies. Noting that the line-drawing function inherent in the determination of punishment is a matter within the discretion of the legislature, the Court held that the life sentence was not so grossly disproportionate as to offend the Eighth Amendment. *Id.* at 284–85, 100 S.Ct. at 1144–45.

In *McGruder,* we observed that *Rummel* provides a litmus test for claims that a particular sentence is "grossly disproportionate." *See McGruder,* 954 F.2d at 317. McGruder was convicted of burglary and sentenced to life imprisonment without possibility of parole under a habitual offender statute. We held that, when measured against *Rummel,* McGruder's sentence was not grossly disproportionate, observing that McGruder's convictions for armed robbery, escape, and burglary were more severe than the forgery and fraud offenses for which Rummel had been convicted. Insofar as the Supreme Court had held Rummel's sentence constitutional under the Eighth Amendment, we concluded that McGruder's sentence was

> likewise constitutional, holding that his life sentence was not "grossly disproportionate" as a matter of law. *Id.*
>
> As our analysis in McGruder demonstrates, *Rummel* establishes a benchmark for claims of disproportionate punishment under the Eighth Amendment. *See Smallwood v. Johnson*, 73 F.3d 1343, 1347–48 (5th Cir. 1996), *cert. denied*, 519 U.S. 883 (1996).

*Id.* at 942-43.

In addition to *Gonzales* and *United States v. Davis*, 2009 WL 33631 (5th Cir. Jan. 7, 2009) (unpublished), several other circuits have considered the issue and have rejected the Eighth Amendment challenge to § 2251. *See United States v. Higgins*, 2009 WL 212078 (11th Cir. 2009) (unpublished); *United States v. Polk*, 546 F.3d 74, 74-78 (1st Cir. 2008); *United States v. Malloy*, 568 F.3d 166, 180 n.14 (4th Cir. 2009).

    **C.**     **Count II of the second superseding indictment provides sufficient notice to the Defendant as to what the Government claims to be unlawful notice or advertisement and satisfies the Fifth Amendment's Due Process clause.**

The Defendant has previously raised this claim in his first motion to dismiss. (D.E. #244). In that motion, the Defendant claimed the superseding indictment lacked specificity which is the same claim being made here. Now the Defendant is using the word sufficiency rather than specificity. Regardless of word choice, the claim is the same alleging a lack of factual sufficiency and specificity. Judge Hittner

already ruled on this issue. (*See* D.E. #244.)

This Court indicated it would not relitigate issues previously decided by Judge Hittner. Judge Hittner's order indicated that the "Court finds the Second Superseding Indictment contains the elements of the offenses charged, fairly informs Defendants of the charges, and would enable Defendants to plead to any potential future convictions of the same offense. Thus, the Court finds the Second Superseding Indictment is *factually sufficient and does not lack specificity*." (emphasis added). (D.E. #316). The Defendant's current motion contains some of the exact same language on this issue as the original motion to dismiss and is not new or novel in any way.

### D. No Part of the Second Superseding Indictment Should be Stricken as Surplusage

The Defendant moves to strike the titles of the counts in the Second Superseding Indictment because "Title 18 U.S.C § 2251 . . . does not proscribe notice or advertising of 'child pornography.' The titles of the counts are surplsage [sic] and not neccisary [sic]. The surplusage in the title of Count II is incorrect, confusing, and not neccisary [sic]." Dkt. 367. This demand is frivolous and should be denied.

Federal Rule of Criminal Procedure 7(d), which states that "[u]pon the defendant's motion, the court *may* strike surplusage from the indictment," makes

10

striking any surplusage permissive but not mandatory. Fed. R. Crim. P. 7(d) (emphasis added). The Fifth Circuit has held that, in order to be struck from an indictment, the complained of language must be "irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993), *cert. denied*, 511 U.S. 1081 (1994). This is an exacting standard and is difficult to meet. *See United States. v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971); *United States v. Edwards*, 72 F. Supp. 2d 664, 666-67 (M.D. La. 1999) ("This standard is 'exacting' and strict, and as a result, the motion is rarely granted."); *see also United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1990); *United States v. Poindexter*, 725 F. Supp. 13, 35 (D.D.C. 1989) ("[T]he Rule has been construed as not favoring the striking of surplusage."). The converse is also true: where the included information is relevant and otherwise admissible, it should not be struck as surplusage no matter how prejudicial. *See United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir.1990); *United States v. Solomon*, 273 F.3d 1108 at *1 (5th Cir. 2001) (unpublished); *Edwards*, 72 F. Supp. 2d at 667. If "the charge is not materially broadened and the accused is not misled," then the "[purported] surplusage should remain in the indictment." *United States v. Quintero*, 872 F.2d 107, 111 (5th Cir. 1989); *United States v. Trice*, 823 F.2d 80, 89 n.8 (5th Cir. 1987).

The complained of language in this case is relevant to the charge and thus should not be struck as surplusage. While the Defendant is correct that what is criminalized by 18 U.S.C. § 2251 is conduct involving "visual depiction[s]" of "minor[s]" engaging in "any sexually explicit conduct," this content is virtually universally referred to, both in everyday life and in the law, as "child pornography." *See, e.g.*, 18 U.S.C. § 2256(8)-(8)(A) (defining "child pornography" as "any visual depiction . . . of sexually explicit conduct . . . where . . . (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct"). As such, the language in the Second Superseding Indictment defining the charge is not surplusage but rather a commonplace shorthand that describes accurately what is charged. The Defendant is not prejudiced nor subject to any surprise by these titles. They are highly relevant and not inflammatory. "All that is required is that the indictment sufficiently apprise the person named of the charges against him so that he may adequately prepare his defense and not be unfairly surprised," which is the case here, and thus the language should not be stricken. *See Bullock*, 451 F.2d at 887.

### III.  Conclusion

The Defendant's motion should be denied as it does not criminalize free speech, is not overbroad or vague, is not violative of the Fifth or Eighth

Amendments, provides sufficient notice, and does not contain surplusage. The Government requests this Court honor the decisions and orders issued by Judge Hittner as the law of the case. To the extent not otherwise responded to herein, the United States asserts that the Defendant's arguments, claims, or purported constitutional violations are meritless or precluded by the law of the case and legal precedent. The government respectfully requests Defendant's Motions to Dismiss Count II and to Strike Surplusage be denied based on the reasoning set forth above.

Respectfully submitted,

JENNIFER LOWERY
United States Attorney

By: */s/ Sherri L. Zack*
Sherri L. Zack
Kimberly Ann Leo
Assistant United States Attorneys
James E. Burke IV
Trial Attorney
1000 Louisiana, Suite 2300
Houston, TX 77002
Telephone: (713) 567-9000
Facsimile: (713) 718-3309

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Government's Consolidated Response to Defendant's Motions to Dismiss Count II and Strike Surplusage has been filed electronically through ECF filing on all defense counsel of record on this 13th day of May 2022.

                                         */s/ Sherri L. Zack*
                                         Sherri L. Zack
                                         Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| § | CRIM. NO. 4:19-CR-719S2 |
| § § | |
| CHARLES MCCREARY, et al., § § | |
| Defendants. § | |

## **ORDER**

HAVING CONSIDERED the Defendant's Motions to Dismiss Count II and Strike for Surplusage and the Government's Response, hereby ORDERS that Defendant's Motions be DENIED in their entirety.

Signed at Houston, Texas this the _____ day of _____, 2022.

_____
HONORABLE GREGG COSTA
UNITED STATES CIRCUIT JUDGE